UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY STEWARD,

                              Petitioner,                      **REPORT &**
                                                          **RECOMMENDATION**

                    -against-                               **24-CV-5758 (RA) (JW)**

NAPOLI, AUBURN CORRECTIONAL
FACILITY,

                              Respondent.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

**To the Honorable Ronnie Abrams, United States District Judge:**

      Before the Court are three motions. The first is *pro se* petitioner Anthony Steward's ("Petitioner") "amend[ing]" letter, which the Court construes as a motion to amend his habeas corpus petition. Dkt. No. 24. The second is respondent Auburn Correctional Facility's ("Respondent") motion to dismiss claims one, two, three, and four of Petitioner's writ of habeas corpus without prejudice.[1] Dkt. No. 21. The third is Petitioner's motion for release and bail. Dkt. No. 12. For the following reasons the Court: (1) GRANTS Petitioner's motion to amend; (2) recommends GRANTING Respondent's motion to dismiss claims one through four without prejudice; (3)

---

[1] Respondent's motion to dismiss seeks to dismiss the entire petition, but only discusses four of the twelve claims in the initial petition. Dkt. No. 21 at 8-10. For context as to why this may have happened, the petition, 68 pages in total, is divided into three sections. Dkt. No. 1. Sections one and two of the petition are separated by a "federal habeas corpus" worksheet. Id. at 13-30. Pages 1 to 12 concern counts one through four and pages 31 to 68 reiterate claims one through four and also include claims five to thirteen (claim eleven is omitted but added in the "amend[ing]" letter).

recommends DISMISSING claims five through fifteen without prejudice *sua sponte*; and (4) recommends DENYING Petitioner's motion for release and for bail.

## BACKGROUND

The Court limits the background facts to those necessary to resolve the instant motions. On November 28, 2017, Petitioner was convicted after a jury trial in New York County Supreme Court of attempted assault in the first degree, assault in the third degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, intimidating a witness, and contempt of court in the second degree. Dkt. No. 21-3. He was given an aggregate sentence of eighteen and a half years in prison and five years of post-release supervision. Dkt. No. 1 at 15; Dkt. No. 28 at 27.

Petitioner filed a notice of appeal on January 9, 2016 and on October 16, 2018 he was appointed appellate counsel. Dkt. No. 21-3 at 6, 9-10. Before the First Department of the Appellate Division, Petitioner's appellate counsel moved for at least three extensions of time to perfect the appeal. Dkt. No. 21-3 at 24; Dkt. No. 21-4 at 228-229; People v. Steward, No. 2019-1160, Motion Order No. 2025-02498 (1st Dept. May 13, 2025). All motions were granted, and the case is currently scheduled to be heard during the October 2025 term. Id.

Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 22, 2024, challenging his conviction and sentence on many grounds. Dkt. No. 1. Those grounds include: (1) "false arrest – no probable cause to arrest," (2) "denial of constitutional right to a speedy trial," (3) "lawyer / judge violat[ed] constitutionally

2

and procedurally protected rights," (4) "actual innocence," (5) "defective indictment," (6) "wrong missing witness charge," (7) "repugnant verdict," (8) "wrongful prejudicial consolidation," (9) "inadmissible evidence introduced," (10) "prejudicial inadmissible testimony," (12) "violation of discovery[,] Brady, Rosario, Giglio," (13) and "search warrant was invalid being it was obtained due to false information." Dkt. No. 1 at 31, 35, 41, 57, 60-64.

Respondent filed their motion to dismiss claims one through four of the petition on December 12, 2024. Dkt. No. 21. Shortly after Respondent's motion to dismiss was filed, Petitioner informed the Court that he would be "amending [his] petition" on December 13, 2024. Dkt. No. 24. The "amending" included several changes. It added grounds eleven, "deni[al of] a jury of his peers," and fifteen, "deni[al of] a fair process." Id. at 2. It also "amend[ed]" grounds three, to include ineffective assistance of his appellate counsel, and fourteen to include "being allowed to not exhaust state/appellate level remedy." Id. at 5.

**LEGAL STANDARD**

Courts "have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 124 S.Ct. 2441, 2446, 542 U.S. 225, 231 (U.S.,2004) However, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted [']to raise the strongest arguments that they suggest.[']" Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (collecting cases). The "policy of liberally construing *pro se* submissions is driven by the understanding that ['][i]mplicit in the right of self-representation is an obligation on the part of the court

to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.[']" Ibid. (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983)).

A district court shall consider a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a [s]tate court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To grant a petition for a writ of habeas corpus, the challenged State court's judgment must have either: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Additionally, the petitioner must have "exhausted the remedies available in the courts of the state" before a district court can grant their petition. 28 U.S.C. § 2254(b). The requirement serves the goal of federalism, allowing "the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). State remedies are exhausted when a petitioner has: "(i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim."

Ramirez v. Attorney General of State of New York, 280 F.3d 87, 94 (2d Cir. 2001) (citation omitted). Petitioner bears the burden of showing that state remedies have been exhausted. Powers v. Bartlett, No. 08-CV-7733 (DC), 2009 WL 980266 at *3 (S.D.N.Y.,2009).

There are exceptions to the exhaustion requirement. "[S]ubstantial delay" in the state appeal process can excuse a petitioner from the exhaustion requirement. Ramirez, 280 F.3d at 94. (citing Cody v. Henderson, 936 F.2d 715, 718 (2d Cir. 1991)). When considering delay in this context, courts use the Barker test. Simmons v. Reynolds, 898 F.2d 865, 868 (2d Cir. 1990) (citing Barker v. Wingo, 92 S.Ct. 2182, 2192, 407 U.S. 514, 530 (1972)).

**DISCUSSION**

**I.     Motion to Amend**

The Court must consider two preliminary matters before addressing its recommendation on Respondent's motion to dismiss. The first is Petitioner's letter "amending [his] petition." Dkt. No. 24. Because Petitioner is proceeding *pro se*, the Court considers Petitioner's letter "amending [his] petition" as a request to amend his petition. Dkt. No. 24; See Triestman, 470 F.3d at 474. "A motion to amend a habeas petition is governed by Federal Rule of Civil Procedure 15(a)." Tineo-Santos v. Piccolo, 19-CV-5038 (JLC), 2021 WL 266561 at 2 (S.D.N.Y., 2021). "A party may amend its pleadings upon consent of the opposing party or leave of the court, and courts should freely give leave when justice so requires." Tineo-Santos, 2021 WL 266561 at 2 (citing Fed. R. Civ. 15(a)(2)). This "permissive standard" is due to the

5

Second Circuit's "strong preference for resolving disputes on the merits." Williams v. Citigroup Inc., 659 F.3d 208, 213 (2d Cir. 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). Petitioner is *pro se*, it is his first request to "amend," and it is unopposed. Accordingly, the Court grants Petitioner's leave to amend his complaint with Dkt. No. 24.

The second matter is how the Court will consider Respondent's motion to dismiss Petitioner's initial petition when it has been subsequently amended. "When a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." Pettaway v. National Recovery Solutions, LLC, 955 F.3d 299, 304 (C.A.2 (N.Y.), 2020). Because Respondent's motion concerns issues that are procedural in nature, not the merits of the petition, the Court will consider Respondent's motion to dismiss "in light of the facts alleged" in the amended petition.

II.     **Motion to Dismiss**

In support of Respondent's motion to dismiss claims one through four without prejudice, Respondent argues that Petitioner has failed to exhaust state remedies as required under 28 U.S.C. § 2254(b). Dkt. No. 21-2 at 7. In response, Petitioner admits that all his claims are unexhausted but argues that he is excused from the exhaustion requirement because of appellate delay, specifically that his appeal has been pending for more than six and a half years. Dkt. No. 1 at 1; Dkt. No. 28 at 32.

6

### A. Exhaustion – Claims One Through Four

Petitioner's first claim concerns the Fourth Amendment and his arrest. Dkt. No. 1 at 34. He argues that probable cause did not exist at the time of his arrest. Ibid. Fourth Amendment claims are not reviewable by the "federal courts when raised in a petition brought under § 2254 unless the state prisoner shows that he or she has not had a full and fair opportunity to litigate that claim in the state court." Graham v. Costello, 299 F.3d 129, 133 (C.A.2 (N.Y.),2002) (citing state Stone v. Powell, 96 S.Ct. 3037, 3046, 428 U.S. 465, 482 (U.S., 1976)). This claim, made under the Fourth Amendment, is unexhausted as it currently before the First Department of the Appellate Division. Dkt. No. 21-5 at 7; See Vilsaint v. Annucci, No. 23-CV-5563 (JCM), 2024 WL 3276400 at *4 (S.D.N.Y., 2024).

In his second claim, Petitioner argues that he was denied his constitutional right to a speedy trial. Dkt. No. 1 at 35. This claim is based on the trial court's accounting of chargeable time under New York State's statutory speedy trial scheme. Dkt. No. 1 at 38-40. This claim is a "record-based" claim because the evidence supporting this claim is part of the case record, such as his case file and transcripts of his pretrial appearances. All claims that are record-based must be raised on direct appeal prior to being raised in a federal habeas petition. O'Kane v. Kirkpatrick, No. 09-CV-5167 (THK), 2011 WL 3809945 at *7 (S.D.N.Y. Feb. 15, 2011) (Citing Dunham v. Travis, 313 F.3d 724, 729 (2d Cir.2002)). In other words, when a claim concerns statements or documents that are part of the appellate record, those claims are "record-based" and must be brought through the entire state appellate process prior

7

to federal court. Ibid. This claim is currently before the First Department of the Appellate Division. Dkt. No. 21-5 at 7. Accordingly, claim two is unexhausted. See Vilsaint, 2024 WL 3276400 at *4.

Petitioner's third claim contains several subclaims. First, Petitioner claims he was denied effective assistance of counsel and denied the right to represent himself. Dkt. No. 1 at 41. Second, Petitioner claims he suffered from prosecutorial and judicial misconduct. Ibid. Petitioner's third claim, like his second, requires an examination of the record. For example, the denial of Petitioner's right to represent himself requires a court to consider the transcript of the pretrial appearance where that occurred. The claims of ineffective assistance of counsel, as well as prosecutorial and judicial misconduct require examination of the transcripts from both pretrial appearances and trial. The third claim is a "record-based" claim that must be brought through the entire state appellate process prior to federal court. O'Kane, 2011 WL 3809945 at *7. This claim is currently before the First Department of the Appellate Division. Dkt. No. 21-5 at 7. Accordingly, claim three is unexhausted. See Vilsaint, 2024 WL 3276400 at *4.

Petitioner's fourth claim concerns "actual innocence" and "wrongful conviction." Dkt. No. 1 at 57. Like claims two and three, this claim is also based on the record. Requiring the Court to examine police reports, the felony complaint, and many other documents and videos that were presented at trial. Ibid. This claim is currently before the First Department of the Appellate Division. Dkt. No. 21-5 at 7. Accordingly, claim three is unexhausted. See Vilsaint, 2024 WL 3276400 at *4.

The Court finds that the four claims at issue in Respondent's motion to dismiss are unexhausted.

### B. Exhaustion – Claims Five Through Fifteen

Although Respondent did not discuss claims five through fifteen in their motion to dismiss, the Court must determine whether to consider the other claims *sua sponte*. A court "must *sua sponte* dismiss" a petitioner's § 2254 habeas claims if they are unexhausted. May v. Griffin, No. 17-CV-6319 (KMK), 2021 WL 5450346 at *13 (S.D.N.Y., 2021) (citing Jackson v. DeMarco, No. 11–CV–511(JS), 2011 WL 809471 at *1 (E.D.N.Y.,2011)). However, before dismissing a petition on procedural grounds, a court must also provide notice and an opportunity to be heard. Ethridge v. Bell, 49 F.4th 674, 682 (C.A.2 (N.Y.), 2022) (citing Acosta v. Artuz, 221 F.3d 117, 124 (C.A.2 (N.Y.),2000).

Like claims one through four, Petitioner concedes that all his other claims are unexhausted and makes the same argument to excuse them from the exhaustion requirement. Dkt. No. 1 at 1. Given Petitioner's concession and arguments that cover *all* claims, not only claims one through four, Petitioner had an opportunity to be fully heard as to claims five through fifteen. See Ethridge, 49 F.4th at 682. Accordingly, the Court considers claims five through fifteen *sua sponte*.

These remaining claims are: (5) "defective indictment," (6) "wrong missing witness charge," (7) "repugnant verdict," (8) "wrongful prejudicial consolidation," (9) "inadmissible evidence introduced," (10) "prejudicial inadmissible testimony," (11) "deni[al of] a jury of his peers," (12) "violation of discovery[,] Brady, Rosario, Giglio,"

9

(13) "search warrant was invalid being it was obtained due to false information," (14) not "being allowed to not exhaust state/appellate level remedy," and (15) "deni[al of] a fair process." Dkt. No. 1 at 31, 35, 41, 57, 60-64; Dkt. No. 24 at 2-5.

Like claims one through four, claims five through fifteen are all "record-based." The evidence supporting these claims is within the case record, such as police reports, the case file, and transcripts of both pretrial appearances and trial. Claims that are "record-based" must be brought through the entire state appellate process prior to federal court. O'Kane, 2011 WL 3809945 at *7. Petitioner bears the burden of showing that state remedies have been exhausted. Powers, 2009 WL 980266, at *3. Here Petitioner concedes that they have not exhausted these claims. Dkt. No. 1 at 1.

The Court finds that the claims five to fifteen are unexhausted.

### C. Appellate Delay

Under 28 U.S.C. § 2254(b), the petitioner must have "exhausted the remedies available in the courts of the state" before a district court can grant their petition unless the petitioner can establish a showing of "substantial delay" in the state appeal process. Ramirez, 280 F.3d at 94. Petitioner argues that he should be excused from the exhaustion requirement due to delay in appellate process. Dkt. No. 1 at 1; Dkt. No. 28 at 32. In response, Respondent argues that Petitioner should not be excused from the exhaustion requirement because he fails to satisfy the Barker test. Dkt. No. 21 at 11.

The Barker test typically includes four factors: (1) "[l]ength of delay;" (2) "the reason for the delay;" (3) "the [petitioner's] assertion of his right;" and (4) "prejudice

to the [petitioner]." 407 U.S. 514 at 530. No single factor is dispositive. Simmons, 898 F.2d at 868. All factors are to be considered together "with the relevant circumstances." Ibid.

Petitioner did not address the Barker factors but the Court construes his petition liberally "to raise the strongest arguments that they suggest." Triestman, 470 F.3d at 474.

With regards to "length of delay," it has been more than six and a half years since Petitioner was assigned appellate counsel on October 16, 2018. Dkt. No. 21-3 at 6, 9-10. Although the Second Circuit has not "define[d] precisely, a specific interval of time after which a habeas petition based on delay of a state prisoner's appeal would excuse compliance with the federal exhaustion requirement," the "doctrine of exhaustion of state remedies does not require a prisoner to wait six years." Simmons, 898 F.2d at 870. Factor one leans in favor of Petitioner.

"[T]he reason for delay" is attributable to turnover of appellate counsel. This factor leans in favor of Petitioner. Brown v. Costello, No. 00-CV-6421 (RCC), 2004 WL 1837356 at *3 (S.D.N.Y.,2004) ("In cases where a delay in perfecting an appeal is caused by turnover of assigned counsel, the courts in this Circuit attribute the reasons for the delay to the state.").

When considering the third factor, "the [petitioner's] assertion of his right;" courts use a three-factor test: "(1) whether the petitioner takes steps to obtain counsel, (2) whether the petitioner regularly inquires of his counsel or the court about the delays in his appeal, and (3) whether the petitioner files a grievance against his

11

appointed counsel." Brown, 2004 WL 1837356 at *3. For factor one, Petitioner obtained appointed counsel. For factor two, Petitioner provided a letter dated July 2, 2019 from the office of his appellate counsel apologizing for the delay. Dkt. No. 1-1 at 125. However, Petitioner does not establish whether he "regularly inquire[d]" with his counsel or the court about "delays in his appeal" or whether he filed a grievance against his appointed counsel." Factor three leans against Petitioner.

In determining whether a petitioner has been prejudiced in this context, the Second Circuit has adopted a test akin to the second prong of the Strickland v. Washington test. Wells v. Miller, No. 21-CV-11231 (LJL), 2023 WL 2647891 at *10 (S.D.N.Y., 2023) (citing Mathis v. Hood, 937 F.2d 790, 794 (C.A.2 (N.Y.),1991)). "[A]ppellate delay is prejudicial when there is a reasonable probability that, but for the delay, the result of the appeal would have been different." Mathis, 937 F.2d at 794 (quoting Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Petitioner has not provided facts for the Court to determine that, but for the delay, the result of the appeal would be different. Although the more than six-and-a-half-year delay is significant, the Court "cannot assume prejudice on the basis of delay alone." Richard-Antonio v. O'Meara, No. 12-CV-5174 (SN), 2013 WL 5019395 at *9 (S.D.N.Y.,2013). This factor leans against Petitioner.

Some courts consider a fifth factor, federal-state comity. Id. at 10; Roberites v. Colly, 546 Fed.Appx. 17, 19 (C.A.2 (N.Y.),2013); Wells, 2023 WL 2647891 at *10; Vilsaint, 2024 WL 3276400 at *7; Paulin v. Grady, No. 14-CV-10128 (PED), 2015 WL 11988976 at *3 (S.D.N.Y., 2015). Some do not. Brown, 2004 WL 1837356 at *4; Hall

12

v. Le Claire, No. 10-CV-3877 (LAP), 2015 WL 6395869 at *17 (S.D.N.Y.,2015). Given Petitioner's two-two split within the Barker factors, this Court considers comity. This factor leans heavily against Petitioner for two reasons. First, the four claims are all "record-based" claims, and "judicial comity favors giving" the First Department of the Appellate Division a chance to address those claims first. Vilsaint, 2024 WL 3276400 at *7 (citing Roberites v. Colly, 546 Fed.Appx. 17, 20 (C.A.2 (N.Y.),2013)). Second, Petitioner's appeal is to be perfected in the October 2025 term. Steward, No. 2019-1160, Motion Order No. 2025-02498. "[E]ven if the Court were to find that the appellate delay was egregious, when a previously-stalled state ... proceeding has come to life ... it is appropriate for a federal court to give the state appellate courts an opportunity to hear the claims in the first instance." Richard-Antonio, 2013 WL 5019395 at *10 (citations and internal quotations omitted) (cleaned up).

The Court concludes that the majority of the Barker factors lean against Petitioner and finds that the delay in Petitioner's appeal is not sufficient to excuse him from the exhaustion requirement. Accordingly, the Court respectfully recommends dismissing Petitioner's habeas corpus petition without prejudice. Rhines v. Weber, 125 S.Ct. 1528, 1533, 544 U.S. 269, 274 (U.S.,2005) (Courts are to dismiss without prejudice to allow "petitioners to return to state court to present the unexhausted claims to that court in the first instance.").

### III. Motion for Release

Petitioner requests an order for "immediate release." Dkt. No. 12 at 6; Dkt. No. 13 at 4-5. Because Petitioner is *pro se*, the Court will consider this request as a

13

request for immediate release or bail based on appellate delay. See Triestman, 470 F.3d at 474. A habeas petitioner may seek release from custody based on a delay of their right to appeal. Cody v. Henderson, 936 F.2d 715, 718 (C.A.2 (N.Y.),1991). In response, Respondent argues that if the Court finds "appellate delay," Petitioner's release would not be the appropriate remedy. Dkt. No. 21 at 17.

The Court previously concluded that the delay in Petitioner's appeal is not sufficient to excuse him from the exhaustion requirement. See Supra. Assuming arguendo that the delay in the appeal was sufficient, the Court recommends denying Petitioner's motion for immediate release. To obtain release Petitioner must make a showing of prejudice he suffered from the egregious delay. Simmons, 898 F.2d at 869. The Court considered prejudice as one of the factors under the Baker test and found that Petitioner did not make a sufficient showing of prejudice. See Supra.

To obtain bail Petitioner "must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." Mapp v. Reno, 241 F.3d 221, 226 (C.A.2 (N.Y.),2001) (quoting Grune v. Coughlin, 913 F.2d 41, 44 (C.A.2 (N.Y.),1990)) (cleaned up). The standard of "substantial claims" and "extraordinary circumstances" is a "difficult one to meet." Grune, 913 F.2d at 44. The Court is sympathetic to Petitioner's situation, but Petitioner has not made a showing that his claims have a substantial likelihood of success on the merits and that extraordinary circumstances exist to make bail necessary. Ibid.

Accordingly, the Court recommends denying Petitioner's motion for release and for bail.

## RECOMMENDATION

For the aforementioned reasons the Court: (1) GRANTS Petitioner's motion to amend; (2) recommends GRANTING Respondent's motion to dismiss claims one through four without prejudice; (3) recommends DISMISSING claims five through fifteen without prejudice *sua sponte*; and (4) recommends DENYING Petitioner's motion for release and for bail.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF. Any requests for an extension of time for filing objections must be directed to Judge Abrams. **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review**. See Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

SO ORDERED.

DATED:   New York, New York
         July 31, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge