UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANTHONY STEWARD, | | |
| | Petitioner, | 24-CV-5758 (RA) |
| v. | | MEMORANDUM OPINION & ORDER |
| NAPOLI, AUBURN CORRECTIONAL FACILITY, | | |
| | Respondent. | |

RONNIE ABRAMS, United States District Judge:

Petitioner Anthony Steward, proceeding *pro se*, filed the instant petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State court. Having not received any timely objections, on August 28, 2025, this Court adopted Magistrate Judge Willis's Report & Recommendation dismissing his petition for failure to exhaust. The Court received objections from Petitioner shortly thereafter and—finding good cause—has now considered them. Given that Petitioner has already filed a notice of appeal as to this Court's decision to adopt the Report, the Court now issues an indicative ruling pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, addressing Petitioner's objections and affirming its initial decision to adopt the Report.

## BACKGROUND

The Court assumes familiarity with the background of this case, Magistrate Judge Willis's Report & Recommendation, Dkt. No. 35 ("Report"), and this Court's August 28th, 2025 Memorandum Opinion and Order adopting the Report, Dkt. No. 37 ("Prior Order"), and thus only briefly reiterates here certain facts relevant to the instant motion. On November 28, 2017, Petitioner was convicted after trial in New York State court for attempted assault in the first degree, assault in the third degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, intimidating a witness, and two counts of criminal contempt in the second degree. *See* Dkt. No.

21 ("Resp't's Br."), Ex. B ("Notice of Appeal"). In addition to one CPL § 330.0 motion, and two collateral motions pursuant to CPL § 440.10 and § 440.20, Petitioner filed a timely notice of appeal to the Appellate Division of the New York State Supreme Court, First Department on January 9, 2018. At the time he filed the instant Petition on July 22, 2024, six and half years later, his appeal had not yet been perfected.[1]

On December 13, 2024, Petitioner filed a motion to amend his habeas petition, along with a proposed amended petition that includes fifteen grounds: (1) false arrest – no probable cause to arrest, (2) denial of constitutional right to a speedy trial, (3) ineffective assistance of trial and appellate counsel, (4) actual innocence, (5) defective indictment, (6) wrong missing witness charge, (7) repugnant verdict, (8) wrongful prejudicial consolidation, (9) inadmissible evidence introduced, (10) prejudicial inadmissible testimony, (11) denial of a jury of his peers, (12) violation of discovery, (13) invalid search warrant, (14) excused from exhausting state-level remedy, and (15) denial of fair process. *See* Pet.; Dkt. No. 24 ("Mot. to Amend"). In the Petition, Steward acknowledges that his direct appeal is still pending, but asserts that this Court should excuse the statutory requirement for exhaustion. *See* Pet. at 1.

On November 20, 2024, he filed a motion seeking a conditional writ or immediate release. Dkt. No. 12. On December 12, 2024, Respondent, Auburn Correctional Facility, moved to dismiss the Petition.

On July 31, 2025, Magistrate Judge Willis issued the Report recommending that the Court grant Respondent's motion to dismiss the Petition, as amended, in its entirety without prejudice; grant Petitioner's motion to amend; and deny Petitioner's motion for release. *See* Report at 1–2. Having received no objections, on August 28, 2025, the Court adopted the Report in its entirety. On September

---

[1] The delay was primarily caused by staffing changeovers at the Office of the Appellate Defender along with "changes in strategy in litigating his appeal." Dkt. No. 48 ("Letter from Office of the Appellate Defender").

15, 2025, however, the Court received a letter from Petitioner dated August 28, 2025 and postmarked September 5, 2025, in which he stated he had not received the Report until that very day, and included objections to the Report. On September 30, 2025, Petitioner filed a notice of appeal of this Court's Order adopting the Report. *See* Dkt. No. 40 ("Notice of Appeal to Second Circuit"). On October 23, 2025, Respondent then filed its response to Petitioner's objections. *See* Dkt. No. 45 ("Resp't's Response").

As the Court noted in an October 9, 2025 Order, in light of Petitioner's appeal, the Court would typically be deprived of jurisdiction to address his objections to the Report. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, given that there was good cause for the untimeliness of the objections, *see Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009), the Court now issues an indicative ruling pursuant to Federal Rule Civil Procedure § 62.1, considering Petitioner's objections and the Government's response. For the reasons that follow, the Court states that if it had jurisdiction, it would again deny Petitioner's habeas petition in its entirety.

**LEGAL STANDARD**

**I.    Indicative Ruling**

Federal Rule of Civil Procedure § 62.1 "grants district courts the authority to issue indicative rulings on pending motions that implicate issues under appeal." *See Marquez v. Silver*, 2024 WL 1056285, at *1 (S.D.N.Y. Mar. 4, 2024).[2] When faced with such a motion, a district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. Rule Civ. P. § 62.1(a).

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

## II.      Standard of Review of a Report & Recommendation

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the Report strictly for clear error where no objection has been made, and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). Where objections are "merely perfunctory responses" and not "specific and clearly aimed at particular findings in the magistrate judge's proposal," clear error, and not *de novo* review applies. *Id.* Where, as here, the objecting party is proceeding *pro se*, the Court construes the objections liberally. *Pearson-Fraser v. Bell Atl.*, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003).

### DISCUSSION

Steward raises a handful of objections to the Report that range from substantive to frivolous, all of which the Court reviews *de novo*. Dkt. No. 39 ("Pet.'s Objections) at 2–3. The most substantive objection is his contention that the Report wrongly concluded that he should not be excused from the exhaustion requirement set forth in 28 U.S.C. § 2254, though the Court disagrees. All of Petitioner's other objections—such as that Judge Willis intentionally delayed the issuance of the Report for over a year, which he says was "an unethical tactic to wait until [the] appellate court appointed attorney filed [the] direct appeal so that it can be claimed that [the] direct appeal has been filed," *id.* at 1—are patently without merit. The Court thus adopts the Report and dismisses the Petition.

It is well settled law that under 28 U.S.C. § 2254(b), "a federal court may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State; or that there is either an absence of available State corrective process; or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001).

Although Petitioner does not contest that his claims are unexhausted, he argues that the Court should consider them regardless, given that "circumstances regarding exhaustion [] meet[] the criteria specified in 28 U.S.C. § 2254." Pet.'s Objections at 4.[3] Petitioner is correct that failure to exhaust can be excused if "there is either an absence of available state corrective processes or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Petitioner claims that "circumstances exist that render such process ineffective to protect," his rights, namely, the yearslong delay in the perfection of his appeal. Mot. to Amend at 5.  Although the Court shares Petitioner's frustrations, it concludes that he has not met the law's high bar for excusing his failure to exhaust.

"In determining whether a delayed appeal violates a petitioner's due process rights, the Second Circuit looks to the following factors enunciated by the Supreme Court in *Barker v. Wingo* to determine whether a defendant has been deprived of his right to a speedy trial: "[l]ength of delay,  the reason for the delay, the [petitioner]'s assertion of his right, and prejudice to the [petitioner]." *Wells*, 2023 WL 2647891, at *7 (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). The Report rightly concluded that the first two *Barker* criteria—length of delay and reason for delay—weighed in favor of Petitioner. As to the third criterion—whether Petitioner asserted his rights—he contends that the Report incorrectly found that he did not assert his rights, when in fact he claims to have "written countless letters inquiring about the status of [his] appeal." Pet.'s Objections at 3. The Court agrees with Petitioner that he has "taken steps to assert his right to a speedy appeal." *See Wells*, 2023 WL 2647891, at *9. As the Report noted, there is evidence in the record that he was in regular touch with his appellate counsel in an attempt to obtain status updates on his appeal. *See* Letter from Office of the Appellate

---

[3] Even if some of Petitioner's claims—such as ineffective assistance of trial counsel and actual innocence— are now exhausted, the petition is "at best mixed," and "must be dismissed for failure to exhaust." *Wells*, 2023 WL 2647891, at *7.

Defender; Pet., Ex. V at 125. While he does not appear to have ever formally filed a grievance against his appointed counsel or moved to appoint new counsel, and may not have "leveraged every tool at his disposal," the law does not require that. *See Wells*, 2023 WL 2647891, at \*9. The assertion-of-rights factor thus tilts in favor of Petitioner.

As to the fourth factor, the Court agrees with the Report that there was no actual prejudice to Petitioner sufficient to warrant release. "Prejudice in this context should be assessed in light of the interests that petitioner's due process right to a reasonably speedy appeal is designed to protect, *i.e.*, (1) to prevent oppressive post-trial incarceration, should the appeal ultimately prove successful; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the appeal and any resulting retrial will be compromised by the passage of time." *Wells*, 2023 WL 2647891, at \*10 n.9. Courts have interpreted the third prong—actual prejudice—as requiring a petitioner to "state with specificity facts that would enable the Court to determine that there is a reasonable probability that, but for the delay, the result of the appeal would have been different." *Id.* at \*10. At the very least, Petitioner has failed to demonstrate any actual prejudice.

Finally, the fifth factor that the Report considered—federal-state judicial comity—is especially salient here since Petitioner's appeal has now been perfected and, "the interests of federal-state comity require that the New York state courts have the first opportunity to hear Petitioner's constitutional claims." *Wells*, 2023 WL 2647891, at \*11; *Vilsaint*, 2024 WL 3276400, at \*7. As the *Richard-Antonio v. O'Meara* court stated, "even if the Court were to find that the appellate delay was egregious, when a previously-stalled state . . . proceeding has come to life . . . it is appropriate for a federal court to give the state appellate courts an opportunity to hear the claims in the first instance." 2013 WL 5019395, at \*10; *see also Vilsaint*, 2024 WL 3276400, at \*7.

The Court finds the lengthy delay in Steward's appeal deeply troubling. Nonetheless, particularly given that the appeal has now been perfected, "comity dictates that it would be

inappropriate for this Court to foreclose the Appellate Division from deciding petitioner's appeal." *Cameron v. LeFevre*, 887 F. Supp. 425, 434 (E.D.N.Y. May 22, 1995). Accordingly, the Court declines at this time to order either a conditional writ or release and dismisses the Petition.

## CONCLUSION

For the foregoing reasons, and having considered Petitioner's objections, the Court hereby issues an indicative ruling adopting the Report and declining to waive the exhaustion requirement. Given the receipt of objections, however, the Court would modify the initial dismissal by granting leave to appeal.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner Anthony Steward 18-A-0634 Elmira Correctional Facility, 1879 Davis Street P.O. Box 500, Elmira, New York 14901.

SO ORDERED.

Dated:        January 2, 2026
                New York, New York

_____
Ronnie Abrams
United States District Judge